IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:13-653-CMC |
| v. | **OPINION and ORDER** |
| Shamal Thompson, | |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant contends he received ineffective assistance of counsel at sentencing. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has responded to the Government's motion and this matter is ripe for resolution.

**I. BACKGROUND**

On July 17, 2013, Defendant was named in a multi-count Indictment alleging a variety of crimes related to identity theft and credit card fraud. On December 2, 2013, Defendant entered into a plea agreement with the Government, agreeing to waive indictment and enter a guilty plea to a Superseding Information charging conspiracy to commit credit card fraud in violation of 18 U.S.C. § 371. On December 5, 2013, Defendant appeared with counsel and after a thorough Rule 11 hearing, was adjudged guilty.

A Presentence Report (PSR) was prepared in anticipation of sentencing. On February 24, 2014, Defendant's counsel submitted extensive objections to the PSR, challenging relevant conduct

relating to the number of victims of the offense, and the PSR's calculation regarding intended and actual loss.

On March 4, 2014, Defendant appeared for sentencing. Defendant's counsel informed the court that Defendant wished to withdraw the objections, and address the same matters under 18 U.S.C. § 3553(a). Defendant acknowledged that he had read and discussed the PSR with counsel, was aware of the objections and the Probation Officer's response, and that he wished to withdraw the objections and proceed as counsel outlined. The court specifically advised Defendant that withdrawal of the objections would mean the factual issues in the PSR would be adopted as findings of fact. Defendant acknowledged that he understood, and wished to proceed with the withdrawal of objections. Tr. of Sentencing at 7-8, ECF No. 533. Accordingly, although Defendant's guideline range was originally 168 to 210 months, it became 60 months due to the statutory maximum. The court imposed a sentence of 60 months, with 3 years' supervised release, and ordered restitution in the amount of $125,159.74. Defendant did not file an appeal.

On January 29, 2015, the court received Defendant's motion for relief under 28 U.S.C. § 2255.

## II. STANDARD

Defendant contends he received ineffective assistance of counsel at sentencing when counsel advised him to withdraw the objections to the PSR. The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id*. As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to

meet a standard of "reasonably effective assistance." *Id*. at 687.  A reviewing court must "judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct."  *Id*. at 690.  *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

To establish prejudice, Defendant must show a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland*, 466 U.S. at 694.  "A reasonable probability is a probability sufficient to undermine confidence in the outcome."  *Id.*  Prejudice exists when an error results in a longer sentence than would otherwise have been imposed.  *See Glover v. United States*, 531 U.S. 198, 202–04 (2001) (holding that Sixth Amendment prejudice resulted from an asserted error that added six to 21 months to the defendant's sentence).  "If the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong."  *Fields v. Attorney Gen.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Strickland*, 466 U.S. at 697).

"The likelihood of a different result must be substantial, not just conceivable," *Harrison v. Richter*, 562 U.S. 86, __, 131 S. Ct. 770, 792 (2011), and a defendant must prove that counsel's errors "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result."  *Cullen v. Pinholster*, 563 U.S. 170, ___, 131 S. Ct. 1388, 1403 (2011) (quoting *Strickland*, 466 U.S. at 686).  Judicial scrutiny of this type of claim must be highly deferential and a defendant must overcome a strong presumption that his counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland*, 466 U.S. at 689.

"Counsel's 'strategic choices made after thorough investigation . . . are virtually unchallengeable . . . .' " *Gray v. Branker*, 529 F.3d 220, 229 (4th Cir. 2008) (quoting *Strickland*, 466 U.S. at 690-91) (first omission in original).  Relatedly, an "[a]n attorney's failure to raise a

meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kilmer*, 167 F.3d 889, 893 (5th Cir. 1999); *Moore v. United States*, 934 F. Supp. 724, 731 (E.D.Va. 1996) (holding that "there can be no claim of ineffective assistance where, as here, counsel is alleged to have failed to raise a meritless argument").

### III. DISCUSSION

Defendant maintains that counsel's "misinformation caused [Defendant] to withdraw his objections" to the PSR. Reply in Opp. at 2, ECF No. 540. Defendant does not indicate what "misinformation" counsel gave Defendant aside from advice that Defendant should withdraw his objections to the PSR because the Government would be able to establish facts to support a guideline range over 60 months and that Defendant should pursue his arguments via a request for variance sentence under 18 U.S.C. § 3553(a). Defendant maintains he was prejudiced by counsel's actions because an "incorrect" calculation of his guideline range "[affected] my classification in the Federal Bureau of Prisons (FBOP), [affected] the amount of restitution I would be responsible for paying, and could affect any challenge I may be able to make on a retroactive [guidelines] amendment [related to] the intended loss." Aff. of Shamal Thompson at ¶ 5, ECF No. 540-1. Notably, he does not contend that this sentence of 60 months would have been lower had he prevailed on the objections.

Although Defendant claims ineffectiveness of counsel at sentencing, he does not contend that counsel did not conduct a thorough investigation of the matters presented in the objections. The objections are lengthy and thorough; indeed, Defendant seeks to establish that the objections presented by counsel were meritorious and therefore should not have been withdrawn.

4

There is no dispute that counsel made a strategic decision to advise Defendant to withdraw the objections to the PSR because counsel believed "the Government would be able to establish at sentencing sufficient facts and enhancements to establish a Guideline Range of imprisonment in excess of sixty (60) months incarceration." Aff. of Jonathan M. Milling at ¶ 17, ECF No. 536-2. Defendant argues in opposition to the Government's summary judgment motion that if he had known that "the incorrect calculation of his Guidelines sentencing range would affect the amount of restitution he would owe, would be used as a starting point for any changes that might occur in the Guidelines calculation via amendments, and would affect his prison classification, he would not have withdrawn his objections." Reply in Opp. at 7, ECF No. 540; Aff. of Shamal Thompson at ¶ 5, ECF No. 540-1.

Defendant fails to establish that counsel acted in an objectively unreasonable manner in recommending Defendant withdraw the objections to the PSR and pursuing relief under 18 U.S.C. § 3553(a). Moreover, it is clear from the transcript that Defendant agreed with counsel's recommendation, after being advised by the court that if the objections were withdrawn the factual statements and sentencing calculations in the PSR would be adopted.[1] See Tr. of Sentencing at 7-8, ECF No. 533. In fact, the court specifically stated that the restitution amount would be $125,159.74. *Id*. at 8.

Defendant has also failed to demonstrate prejudice from counsel's advice to withdraw the objections because he has not sufficiently demonstrated that there is a reasonable probability a

---

[1] A party waives a right when he intentionally relinquishes or abandons it. *Johnson v. Zerbst*, 304 U.S. 458, 464 (1938); *United States v. Mitchell*, 85 F.3d 800, 807 (1st Cir. 1996). This is to be distinguished from a situation in which a party fails to make a timely assertion of a right-what courts typically call a "forfeiture." *United States v. Olano*, 507 U.S. 725, 733 (1993).

different outcome would have resulted but for counsel's advice, as Defendant has not demonstrated that the court would have sustained the objections as presented.

### IV. CONCLUSION

The Government's motion for summary judgment is **granted** and Defendant's motion for relief is dismissed with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 20, 2015